# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MUHANNAD SALIM,

        Petitioner,

v.                                                                Case No. 16-C-1707

REED RICHARDSON,

        Respondent.

## SCREENING ORDER

On December 27, 2016, Muhannad Salim filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of one count of burglary, one count of violating a domestic abuse injunction, one count of criminal damage to property, two counts of stalking, and one count of bail jumping. He was sentenced to 9 years imprisonment and 5 years of extended supervision. Salim is currently incarcerated at Stanley Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

Here, it is clear from the petition and its attachments that Salim is not entitled to habeas relief under § 2254. Salim has listed five separate grounds of relief. First, he claims his trial counsel was ineffective for various reasons: (1) failing to move for suppression of evidence; (2) failing to move

2

for dismissal of his burglary charge; (3) failing to hire an investigator; and (4) failing to obtain a voice recording and other evidence to refute his ex-wife's claims. Second, he alleges he was denied the right to an interpreter. Third, he claims he was subjected to vindictive prosecution. Fourth, he claims his trial and appellate counsel were ineffective for failing to raise the issue of his need for an interpreter. Finally, Salim argues that the court wrongfully forbid him from having contact with his family. Salim raised the first three issues in response to his appellate lawyer's forty-seven page no-merit report before the state appellate court. After consideration of the report and Salim's response, and then conducting an independent review of the record, the Wisconsin Court of Appeals concluded in a nine-page opinion that there were no arguably meritorious appellate issues and summarily affirmed the judgment of conviction.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimeti*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

3

Salim alleges his current conviction and sentence resulted from the ineffective representation provided by his trial attorney in violation of his Sixth Amendment right to the effective assistance of counsel. An ineffective assistance claim requires that the petitioner show his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). First, Salim contends that his attorney should have moved to suppress clothing Officer Jutiki X found in the trunk of Salim's car after he was arrested. The Wisconsin Court of Appeals concluded Salim's claim failed because there were no arguable grounds to suppress the evidence: "Because the police found the stolen clothing when they were conducting a lawful inventory search of Salim's car incident to his arrest and the subsequent towing of his vehicle, there would be no grounds for moving to suppress the items found in the car. There would be no arguable merit to this claim." (ECF No. 1 at 26.)

Next, Salim alleges trial counsel was ineffective for failing to move to dismiss the burglary charge. He claims that he cannot be charged with burglary for entering and taking items from his own home. But Wisconsin defines burglary as entering a dwelling without the consent of the person in lawful possession. Wis. Stat. § 943.10(1m)(a). At the time of the burglary, Salim's ex-wife, not Salim, was the person in lawful possession of the dwelling. The Wisconsin Court of Appeals again found that there is no arguable merit to this claim:

> Salim contends that his trial lawyer should have moved to dismiss the burglary charge because he cannot be charged with burglary for entering his own living quarters. Salim is wrong on the facts. He was no longer living with [his ex-wife] when he burglarized her home. To the contrary, he had been expressly ordered by the circuit court to stay away from [his ex-wife], to stay away from her residence and to stay away from her place of employment. Moreover, his defense to the charge was that he did not go to [his ex-wife's] house on the day of the burglary. Because the argument he currently raises was meritless and contradicted his defense, his trial

4

lawyer was not ineffective for failing to raise it. *See State v. Harvey*, 139 Wis. 2d 353, 380, 407 N.W.2d 235 (1987).

(ECF No. 1 at 26.)

Salim further asserts his trial counsel was ineffective for failing to hire a private investigator to refute the claims of his ex-wife and her son that they could see Salim driving on the street behind their house. Salim contends that an investigator could have taken pictures of the house to show that thick bushes and trees make it impossible to see who was driving a car on the street behind the residence. The Court of Appeals found that "[a]ssuming for the sake of argument that pictures of the home would have shown that it was surrounded by trees, the pictures would have made no difference in the light of the testimony from [Salim's ex-wife and her son] that they had seen Salim driving by the home. There would be no arguable merit to this claim." (*Id.*)

Finally, Salim argues his trial counsel was ineffective for failing to obtain audiotapes made by Salim's ex-wife to show that she was trying to "get him in trouble" and for failing to present evidence of prescription forms that demonstrate his ex-wife abused prescription medication. (*Id.* at 8–9.) The Wisconsin Court of Appeals found that Salim's lawyer did not perform deficiently in failing to introduce the audiotaped conversations at trial "for the purported purpose of showing [his ex-wife's] attempt to harm Salim" because her intent was not an issue at his trial. (*Id.* at 26–27.) Moreover, the state appellate court found that "Salim's lawyer did not perform deficiently by failing to introduce pictures of the blank prescription forms because the pictures would have been cumulative to other testimony introduced at trial." (*Id.*)

The Wisconsin Court of Appeal's disposition of Salim's ineffective assistance of trial counsel claims is well within the realm of what would be considered reasonable. In sum, a review of the

5

petition and attachments reveals that his claims of ineffective assistance of counsel are without merit. Given the deferential *Strickland* standard under which claims of ineffective assistance of counsel are evaluated on direct review, adding the layer of deference mandated by AEDPA results in a "doubly-deferential" standard of review that is easily met in this case. It thus follows that Salim's claim of ineffective assistance of trial counsel must be dismissed.

Second, Salim claims he was denied the right to an interpreter. The United States Supreme Court has not yet recognized a constitutional right to a court-appointed interpreter. *United States v. Johnson*, 248 F.3d 655, 663 (7th Cir. 2001). Instead, "the appointment of an interpreter as a constitutional matter is within the district court's discretion." *Id.* at 664. The Seventh Circuit has suggested that a defendant is denied due process when "(1) what is told to him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to [the defendant] in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact." *Id.* at 663 (quoting *United States v. Cirrincione*, 780 F.2d 620, 634 (7th Cir. 1985)). Similarly, under Wisconsin law, "[w]hen a trial court is put on notice that the accused has a language difficulty, the court must make a factual determination whether the language disability is sufficient to prevent the defendant from communicating with his attorney or reasonably understanding that . . . testimony at the preliminary hearing or trial." *State v. Neave*, 117 Wis. 2d 359, 375, 344 N.W.2d 181, 188–89 (1984), *overruled on other grounds by State v. Koch*, 175 Wis. 2d 684, 499 N.W.2d 152 (1993).

Here, Salim argues that an interpreter "is necessary" because his first language is Arabic and his English is limited. The Wisconsin Court of Appeals considered Salim's assertion that he was

improperly denied an interpreter and rejected it on the basis of the trial court's findings of fact. As recounted by the Wisconsin Court of Appeals, the trial court noted that Salim's lawyer indicated that "although English was not Salim's first language, he spoke it very well." (ECF No. 1 at 28.) The trial court also noted that the court itself had no problems communicating with Salim in English and that Salim did not appear to have any difficulty communicating with the court. Based on these findings, the trial court found that Salim was not limited in his English proficiency and had no need for an interpreter. The trial court further stated that the issue could be revisited if any issues later arose. Noting that the trial court's findings were not clearly erroneous, the Wisconsin Court of Appeals concluded there was no merit to this claim as well. (*Id.*) On federal habeas review, the deference accorded trial court findings is even greater than that owed by the state appellate court. Based on the evidence cited by the court of appeals, which Salim does not dispute in his petition, the trial court's finding that he did not need an interpreter is presumed correct. 28 U.S.C. § 2254(e)(1). In fact, the only word Salim contends he did not understand during the trial is the word "vulgarities" when he was asked whether vulgarities were appropriate for a child's letter. (ECF No. 1 at 5.) This is hardly enough to establish a need for an interpreter, especially in the absence of any suggestion that his attorney felt a need for an interpreter in order to communicate with his client or for his client to understand the proceedings. Therefore, this claim also fails.

Third, Salim claims he was subjected to vindictive prosecution which violated his right to due process under the Fourteenth Amendment. He contends that after he rejected the plea offer, the prosecutor amended the criminal complaint to include intimidation charges. The Supreme Court has held that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring

7

before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). When negotiating pleas, if the defendant refuses to plead guilty, the prosecutor may charge a defendant with additional charges on which he is plainly subject to prosecution. *Id.* at 363–65 ("[I]n the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."). To succeed on a claim of prosecutorial vindictiveness, "a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006) (citing *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003); *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996)). Salim has not made such a showing. Accordingly, this claim is dismissed.

Salim's fourth and fifth claims, ineffective assistance of trial and appellate counsel for failing to request an interpreter, as well as his claim that the trial court wrongfully prevented him from having contact with his family, were not raised before now. A district court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Rather than dismiss a petition containing both exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state court remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). A stay should not be granted automatically, however:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277. A stay should not be granted when there is not good cause for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are plainly meritless. *Id.*

Here, Salim's unexhausted claims are plainly meritless. Salim argues that his trial counsel was ineffective for failing to request an interpreter and that his appellate counsel was ineffective for raising the issue on appeal. Again, the court of appeals concluded that the trial court's finding that he did not need an interpreter in order to understand and participate in the proceedings was supported by the evidence. Counsel cannot be ineffective for failing to raise an issue to which the court of appeals finds no merit. The state appellate court's conclusion, along with the deferential *Strickland* standard, require that Salim's fourth claim be dismissed.

In Salim's final claim, also unexhausted, he asserts that the trial court violated his Sixth Amendment right when it forbid him from having any contact with his family. The Sixth Amendment guarantees a person charged with a crime the right to counsel. Salim claims that when the court prohibited him from contacting his family, he was prevented from finding a new attorney to represent him. Salim does not explain how not having contact with his family prevented him from contacting another attorney, nor does he allege he ever notified the court or his attorney of his desire to retain a new attorney. Under these circumstances, I find no merit to this claim either. Accordingly, there is no reason to stay this petition to allow Salim to exhaust his fourth and fifth claims in state court. The petition will be dismissed for lack of merit on all claims.

Salim filed with his petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore denied. Of course, if Salim wishes to appeal, he must file a notice of appeal with the Clerk of this Court within thirty days of the date of this order and request that the Court of Appeals issue a certificate of appealability.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS ALSO ORDERED** that Petitioner's motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**SO ORDERED** this  26th  day of January, 2017.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach, Chief Judge
                                                     United States District Court